[S. F. No. 11207. In Bank.—July 8, 1924.]

ANGLO LONDON PARIS COMPANY et al., Petitioners, v. CHARLES G. JOHNSON, as Treasurer of the State of California, Respondent.

[1] BONDS—STATE HIGHWAY—NOTICE OF SALE—PUBLICATION—NEWSPAPERS.—On a sale of state highway bonds under the procedure provided by the State Highways Act of 1915 (Stats. 1915, p. 650), where, at the date of the inception of the required publication to be given in a certain city, as to the time and place fixed for the sale of said bonds, the two newspapers selected for such publication were being separately conducted and issued, each under its own name, each with its own body of subscribers, and each in all respects qualified to be the medium of such publication as the statute requires, were during the course of publication merged and consolidated, but in the merger and consolidation the identity of neither was intended to be lost, the name of each being preserved and the subscribers of each being as fully served by mail or carrier after as before such consolidation, the substantive purpose of the statute was as fully subserved as though the publication of each newspaper had been separately conducted until after such publication in each had been completed, and the statute was substantially complied with.

(1) 36 Cyc., p. 898 (1926 Anno.).

APPLICATION for a Writ of Mandamus to require the respondent to sell and deliver to petitioner certain bonds. Writ granted.

The facts are stated in the opinion of the court.

McKinstry, Haber & Firebaugh for Petitioners.

U. S. Webb, Attorney-General, and Robert W. Harrison, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This application is for a writ of mandate wherein the petitioners seek to compel the respondent herein, as treasurer of the state of California, to sell and deliver to the petitioners certain bonds designated as "Highway bonds of the State of California" at the par value of three million dollars, which said bonds were bid for and purchased by the petitioners at a public sale thereof held at the office of the respondent as such state treasurer on the twenty-sixth day of June, 1924, pursuant to certain proceedings for the issuance and sale of said bonds purporting to have been taken and had under the provisions of article XVI, sections 2 and 3, of the state constitution. The facts with relation to said proceedings are set forth in the petition herein and are conceded to be correctly set forth therein by the return and answer of the respondent. They are briefly these: The provisions of sections 2 and 3 of article XVI of the constitution in relation to the issuance and sale of state highway bonds adopt the provisions of the act of the legislature approved May 20, 1915, known as the State Highways Act of 1915 (Stats. 1915, p. 650), relative to the procedure for initiating, advertising, and holding sales of such bonds. Said act provides that "The State Treasurer shall give notice of the time and place of sale by publication in two newspapers published in the City and County of San Francisco [and in certain other newspapers] once a week for four weeks next preceding the date fixed for said sale." The date fixed for the sale of the bonds in question was June 26, 1924. The state treasurer duly published his notices of the sale of said bonds in the other newspapers outside of San Francisco as required by said statute. He also selected and designated as the two within the city and

county of San Francisco in which such notices were to be published "The San Francisco Journal and Daily Journal of Commerce" and the "Bulletin," each a newspaper of general circulation therein at the time of the designation and inception of such publication, and such notices were accordingly and in due form published in "The San Francisco Journal and Daily Journal of Commerce" on May 28, June 4, June 11, and June 18, 1924, and were also published in the "Bulletin" on May 28, June 4, June 11, and June 18, 1924. Between the dates of June 18, 1924, and June 25, 1924, the said two newspapers combined and consolidated and on June 25, 1924, the said notice of said sale was published in said combined and consolidated newspapers published on said date and thereafter under the name of "The Bulletin and San Francisco Journal and Daily Journal of Commerce" within said city and county of San Francisco. It is alleged in the petition herein and admitted in the return of the respondent thereto that said publication was made on said date in each of the six successive editions of said combined and consolidated newspapers issued at various times during said day and that such combined and consolidated newspapers containing such published notice were delivered or mailed to each and every person who was a subscriber of either or both of said newspapers prior to and at the date of said publication thereof and also that the said editions and issues of said combined and consolidated newspapers on and after the date of said publication of said notice were generally sold and distributed in each and every community in which prior to the date of the combination and consolidation of said newspapers the editions and issues thereof had been sold and distributed.

[1] We are entirely satisfied that upon the foregoing conceded facts attending the publications of the notices of the sale of said highway bonds at the time and place named therein substantial compliance has been had with the requirements of the said statute relating to the sale of said bonds. It is to be noted that the proceeding which was to culminate in the sale of these bonds was not a proceeding *in invitim* in which the rights of individuals might be injuriously affected, but that such proceedings were in aid of a great public improvement in which the general welfare was concerned and in respect to which the requirements of the statute

should be liberally construed.  At the date of the inception of the required publication to be given in the city and county of San Francisco as to the time and place fixed for the sale of said bonds the two newspapers so selected for such publication were being separately conducted and issued, each under its own name, each with its own body of subscribers, and each in all respects qualified to be the medium of such publication as the statute requires.  In the merger and consolidation of said two newspapers during the course of such publication, the identity of each or either was not intended to be lost, as was evident from the fact that the name of each was preserved and that the subscribers of each were as fully served by mail or carrier after as before such consolidation.  The substantive purpose of the statute was thus as fully subserved as though the publication of each newspaper had been separately continued until after such publication in each had been completed.  The language of the supreme court of the United States in the case of *Sage* v. *Central R. R. Co.,* 99 U. S. 334, 347 [25 L. Ed. 394, see, also, Rose's U. S. Notes], a case which in certain of its essential aspects is similar to the case at bar, has direct application both in reasoning and authority to the instant situation. The court said: ''The purpose of the order to advertise in that newspaper was publicity and to reach those persons who saw the paper.  That purpose was not defeated by a change of name or *a union with another newspaper.  The objection therefore is formal rather than substantial.*''

Let the writ issue as prayed for.

Myers, C. J., Shenk, J., Lawlor, J., Seawell, J., Waste, J., and Sturtevant, J., *pro tem.,* concurred.