[Sac. No. 5031. In Bank.—May 27, 1936.]

In the Matter of the Petition of ARTHUR W. GLUCKMAN, Owner and Editor of the "Wheatland Herald", a Newspaper, for a Decree Establishing the Status of Said Newspaper as One of General Circulation. ARTHUR W. GLUCKMAN, Respondent, v. MARYSVILLE–YUBA CITY PUBLISHERS, INC. (a Corporation), Appellant.

Rich, Weis & Carlin for Appellant.

Ray Manwell, A. J. de Lorimier and E. P. McDaniel for Respondent.

WASTE, C. J.—The "Wheatland Herald", a newspaper published at the city of Wheatland in the county of Yuba

since 1889, sold the name, goodwill and *bona fide* paid circulation list of the paper to the owner and publisher of "The. Marysville Star", a newspaper established, printed, published and circulated in the city of Marysville located in the same (Yuba) county. The "Herald" was thereafter not printed and published in the city of Wheatland. The two papers, thus consolidated, have been, ever since such consolidation, established, printed, published and circulated under the name "The Marysville Star and Wheatland Herald" in Marysville and in Yuba County. The announced purpose of the consolidation was that the "Marysville Star" might acquire a legal status to print legal notices "without waiting one year to establish such status".

In a proceeding instituted by the owner of the consolidated papers to have the "Wheatland Herald" declared to be a newspaper of general circulation for the county of Yuba, which would also include the city of Marysville, the owner and publisher of a rival newspaper of general circulation, printed and published at Marysville for a great many years, filed objections to the granting of the petition. After due hearing on the petition and the objections, the trial court made its findings that the "Wheatland Herald as consolidated with the Marysville Star is a newspaper of general circulation" within the meaning of the appropriate section of the Political Code, and entered judgment for the petitioner to that effect. The rival newspaper has appealed.

We are of the view that there is ample support for the findings in the evidence produced at the hearing. The only question for consideration appears to be whether or not a legal consolidation of the two papers was effected by the facts found. We are of the opinion that there was. That view is confirmed by our reading of the opinion of this court in *Anglo London Paris Co.* v. *Johnson,* 194 Cal. 123 [228 Pac. 7], which supports the argument of respondent. We are also of the view that the decisions from other jurisdictions are not based on sufficiently parallel facts to be helpful in our consideration.

Under the facts found, the substantive purpose of the requirement of legal status for the publication of legal notices in a paper of general circulation will be as fully subserved as if such publication appeared in each of the two papers so consolidated. (*Anglo London Paris Co.* v. *Johnson, supra.*

See, also, in this connection *Sage* v. *Central R. R. Co.*, 99 U. S. 334–347 [25 L. Ed. 394].)

The decree appealed from is affirmed.

Shenk, J., Langdon, J., Curtis, J., and Thompson, J., concurred.